UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 92-350 |
| THOMAS CIPRANO | * | SECTION "L" |

**ORDER & REASONS**

Before the Court is the Petitioner's Motion for Relief from Judgment (Rec. Doc. 108). Having considered the memorandum and applicable law, the Court now issues this order.

**I.     BACKGROUND**

On July 2, 1992, the Petitioner was indicted on two charges of violating the Federal Controlled Substance Act, 21 U.S.C. § 841. After a jury trial held on September 22, 1992, the Petitioner was convicted on both counts. On February 10, 1993, Judge Lansing L. Mitchell sentenced the Petitioner to life imprisonment on both counts, to be served concurrently. The Petitioner timely appealed the conviction and sentence, however, Judge Mitchell's decision was affirmed by the Fifth Circuit Court of Appeals on December 16, 1993.

On October 18, 1995, Petitioner filed his first motion to vacate sentence pursuant to 28 U.S.C. § 2255, claiming that his counsel deprived him of the constitutional right to testify at trial. Counsel was appointed to represent Petitioner at a hearing on the motion held before District Judge Mitchell. On February 5, 1997, following the hearing, Judge Mitchell denied Petitioner's § 2255 motion. The Petitioner filed a successive §2255 motion to vacate sentence before Judge Mitchell on June 4, 1999. That motion was transferred to the Fifth Circuit to be

construed in part as a motion for certification to file a successive motion for relief under §2255. The Fifth Circuit then issued to Petitioner a notice outlining deadlines and guidelines regarding the filing of Petitioner's motion. In November 2000, the Fifth Circuit denied Petitioner authorization to file a successive § 2255 petition due to Petitioner's failure to comply with the guideline notice.

In August 2004, the case was reassigned to this Section of the Court. The Petitioner filed a Motion for the Appointment of Counsel to Comply with the Antiterrorism And Effective Death Penalty Act of 1996. This Court, explaining that it would not have jurisdiction over Petitioner's successive § 2255 motion, also concluded that it did not have jurisdiction to hear a motion for the appointment of counsel to aid Petitioner in filing a successive §2255 motion. Therefore, this Court transferred Petitioner's motion for appointment of counsel to the United States Fifth Circuit Court of Appeals for that court to determine whether the Petitioner has made the requisite showing set forth in 28 U.S.C. § 2255 and 18 U.S.C. § 3006A(a)(2) to file a successive habeas motion and to be appointed counsel. On December 13, 2004, the Fifth Circuit responded that it did not have jurisdiction to consider the transferred motion in the absence of a formal appeal pending. The Petitioner then responded to the Transfer Order by again requesting that his motion for appointment of counsel be heard by this Court. The Court explained that if the Petitioner wished to have counsel appointed, he first had to file with the Fifth Circuit his motion for authorization to file a successive § 2255 motion and could include his motion for appointment of counsel with his motion for authorization.

On June 17, 2005, the Petitioner filed a motion to modify term of imprisonment. The Petitioner argues that the sentencing court violated the Petitioner's Due Process rights by

enhancing Petitioner's sentence in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). This Court denied Petitioner's motion. On June 3, 2010, the Court denied a motion for clarification of sentence and a motion to reduce sentence.

## II.    PRESENT MOTION

The Petitioner, Thomas Ciprano, filed the present Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6) directed at the January 13, 1993, judgment of this court. (Rec. Doc. 108). Ciprano urges that his sentence should be vacated due to the failure of his trial counsel to file certain pretrial motions and the failure of the Government to prove that the drugs seized were actually cocaine and serve the defense with a notice of enhancement of the sentence.

## III.   LAW AND ANALYSIS

The United States Supreme Court has held that district courts have jurisdiction to consider motions under Fed. R. Civ. P. 60(b) in habeas corpus proceedings, as long as the Rule 60 motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). "However, where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." United States v. Hernandes, 708 F.3d 680, 681 (5th Cir. 2013) (citing Gonzalez, 545 U.S. at 532 & n.4 and United States v. Williams, 274 F. App'x 346, 347 (5th Cir. 2008) (applying Gonzalez to § 2255 motions)). Ciprano's Rule 60(b) motion raises substantive challenges to his conviction and sentence and strikes at the court's prior review of the merits of his first § 2255 petition. His motion is therefore considered to be a successive § 2255 motion.

The successiveness is further demonstrated by a review of this court's records. On

October 18, 1995, Ciprano filed his first § 2255 motion to vacate claiming that his counsel deprived him of the constitutional right to testify at trial. After appointment of counsel, the previously assigned District Judge held a hearing on his claims and, on February 5, 1997, denied the motion. His appeal was later dismissed as frivolous.

Ciprano filed a second § 2255 motion to vacate on June 4, 1999. That motion was transferred to the Fifth Circuit to be construed in part as a motion for certification to file a successive motion for relief under § 2255. On November 29, 2000, the Fifth Circuit denied authorization for Ciprano to file a successive § 2255 petition due to his failure to comply with the court's order regarding additional briefing.

On November 23, 2009, Ciprano filed a motion seeking clarification of sentence requesting the court clarify how he is to serve his sentence. Based on the substance of his claims, the court characterized the motion as one seeking relief pursuant to § 2255. The Court denied relief on the basis that sentencing errors of the nature raised did not give rise to relief under § 2255.

The instant petition, as construed, is considered a prohibited second or successive petition under 28 U.S.C. §§ 2244 and 2255. To overcome the prohibition against the filing of second or successive claims, the defendant must obtain authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing to that court of one of the following exceptions:

1)      claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2)      claims based on a new rule of constitutional law, made retroactive to cases

  on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

  As Petitioner does not meet either exception and has not obtained authorization to file a successive petition from the Fifth Circuit,

  **IT IS ORDERED** that Thomas Ciprano's Motion for Relief from Judgment, (Rec. Doc. No. 108), is construed to be a successive 28 U.S.C. § 2255 motion, and is **DENIED**.

  New Orleans, Louisiana, this 15th day of September, 2014.

             _____
             UNITED STATES DISTRICT JUDGE

<u>Clerk to serve</u>:
Mr. Thomas Ciprano, #323148-034
U.S.P., Beaumont
P.O. Box 26030
Beaumont, TX 77720 - 6030