UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 92-350 |
| THOMAS CIPRANO | SECTION "L" |

## ORDER AND REASONS

Before the Court are defendant Thomas Ciprano's *pro se* Motion for Compassionate Release and Motion for Appointment of Counsel, R. Docs. 135 and 136. The government filed a response, R. Doc. 140. Having considered the briefing and the applicable law, the Court now rules as follows.

I.   BACKGROUND

In September of 1992, a jury convicted Thomas Ciprano of two counts: conspiracy to distribute cocaine and attempted possession with the intent to distribute cocaine. These offenses, violations of 21 U.S.C. §§ 841(a)(1) and 846, involved approximately six kilograms of cocaine. In 1993, the late Judge Mitchell of the Eastern District of Louisiana sentenced Mr. Ciprano to life imprisonment as to each count, to be served concurrently. At the time, the recidivist provision of 21 U.S.C. § 841(b) imposed a mandatory sentence of life imprisonment for defendants with prior felony drug convictions. Mr. Ciprano had two such convictions. Mr. Ciprano appealed his conviction and sentence, but the United States Fifth Circuit Court of Appeals affirmed. *United States v. Ciprano*, 12 F.3d 1098 (5th Cir. 1993).

Mr. Ciprano has now been in prison for twenty-nine years and is currently incarcerated at the Coleman Medium Federal Correctional Institution in Coleman, Florida. Mr. Ciprano is a citizen of Colombia and is subject to an immigration detainer, meaning he faces removal from the United States if released from prison. On April 30, 2020, Mr. Ciprano submitted an application for a reduction in sentence to the warden of the Coleman facility, which the warden denied. R. Doc. 140-1.

II.     PRESENT MOTION

On January 5, 2022, Mr. Ciprano filed a *pro se* motion for compassionate release. R. Doc. 136. Mr. Ciprano argues that he is entitled to compassionate release for three reasons. First, Mr. Ciprano asserts that, due to the First Step Act of 2018, he would no longer face a mandatory life sentence if he were sentenced today, making his sentence exceptionally harsh. Second, Mr. Ciprano avers that he is sixty-seven years old and suffers from medical conditions including high blood pressure, high cholesterol, prostate problems, and eye problems, and is thus entitled to compassionate release as an "elderly inmate with medical conditions." Third, Mr. Ciprano urges compassionate release because he is particularly susceptible to COVID-19 due to the crowded conditions and insufficient health measures at the Coleman facility in addition to his medical conditions. Mr. Ciprano argues that these factors constitute "extraordinary and compelling reasons" for his release and avers that he cannot be a threat to the community upon release because he will be deported to Colombia.

The government opposes Mr. Ciprano's motion, arguing that Mr. Ciprano has not shown extraordinary and compelling reasons for his release. R. Doc. 140. The government asserts that courts have found non-debilitating medical conditions and general COVID-19 concerns insufficient to justify compassionate release, and that the Fifth Circuit has not established that

non-retroactive changes in sentencing laws justify compassionate release. Nevertheless, the government concedes that if the Court finds that Mr. Ciprano has shown extraordinary and compelling reasons for his release, the relevant sentencing factors permit reducing his sentence.

### III.     APPLICABLE LAW

#### a. *Compassionate Release Under 18 U.S.C. § 3582*

Under 18 U.S.C. § 3582(c)(1)(A), a court, "upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] . . . if it finds that extraordinary and compelling reasons warrant such a reduction." The United States Sentencing Commission's policy statements provide four types of "extraordinary and compelling reasons" that may justify a sentence reduction: (1) medical conditions, (2) age, (3) family circumstances, and (4) other reasons. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018)). These policy statements and their commentary do not bind courts, but may "inform[] [courts'] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *Thompson*, 984 F.3d at 433.

#### b. *Sentencing Factors Under 18 U.S.C. § 3553(a)*

A court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) in determining whether a sentence reduction is warranted. 18 U.S.C. § 3582(c)(1)(A). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines based on the category of offense and the defendant's characteristics];

(5) any pertinent policy statement [by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

    c. *Sentencing Reforms of The First Step Act*

The First Step Act of 2018 enacted sentencing reforms that included reducing the mandatory minimum sentences for certain drug convictions. Most relevant to the present motion, Section 401 of the First Step Act amended 21 U.S.C. § 841(b), the penalties provision of the Controlled Substances Act, by removing the requirement of life imprisonment for defendants with two or more prior felony drug convictions. First Step Act of 2018, Pub. L. No. 115-391, §401, 132 Stat 5194 (2018). Instead, the First Step Act provides that "after 2 or more prior convictions for a serious drug felony or serious violent felony have become final, [the defendant] shall be sentenced to a term of imprisonment of not less than 25 years." *Id.* The Act specifies that these amendments shall apply to offenses for which a sentence was pending at the date of the Act's enactment, but does not make the amendments apply retroactively. Pub. L. No. 115-391, §401(c).

Courts have been divided on whether the First Step Act's amendments constitute extraordinary and compelling reasons to reduce defendants' sentences when faced with motions for compassionate release. *See United States v. Reed*, No. 3:13-CR-481-B-5, 2022 WL 198405, at *3 (N.D. Tex. Jan. 21, 2022) (collecting cases in which district courts within this circuit have reached opposite results). The Fifth Circuit has not ruled on this question, instead leaving it to district courts' discretion. *See United States v. Cooper*, 996 F.3d 283, 289 (5th Cir. 2021) ("leav[ing] for the district court to consider, in the first instance, whether the [First Step Act's] nonretroactive sentencing changes . . . alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction in sentence").

Nevertheless, this Court and others in this district have held that the First Step Act's sentencing reforms may constitute extraordinary and compelling reasons to reduce sentences. *See, e.g.*, *United States v. Lee*, No. CR 04-11, 2021 WL 3129243, at *3 (E.D. La. July 23, 2021) (Fallon, J.) (holding that "the severity of a (pre-First Step Act) . . . sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for relief in certain cases"); *United States v. Daniels*, No. CR 16-08, 2022 WL 43625, at *3 (E.D. La. Jan. 5, 2022) (Milazzo, J.) (holding that an amendment in the First Step Act reflects Congress's current view of the appropriate punishment for the relevant offense and constitutes an extraordinary and compelling reason to reduce an earlier, longer sentence).

### d. *Medical Conditions and Age*

While the Court is not bound by the Sentencing Commission's policy statements, it may consider them in determining whether factors cited by a defendant constitute extraordinary and compelling reasons to reduce a sentence. *Shkambi*, 993 F.3d at 393; *Thompson*, 984 F.3d at 433.

5

The commentary to these policy statements provides guidance on when a defendant's medical conditions and age may constitute extraordinary and compelling reasons for compassionate release. Regarding medical conditions, the commentary provides that "extraordinary and compelling reasons exist if . . . [t]he defendant is suffering from a terminal illness" or "a serious physical or medical condition" or "functional or cognitive impairment," or is "experiencing deteriorating physical or mental health because of the aging process," that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13 comment. n.1(A). Regarding age, the commentary provides that extraordinary and compelling reasons exist if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B1.13 comment. n.1(B).

     Consistent with this commentary, courts have found that a defendant's medical conditions and age alone are not sufficient to justify compassionate release absent unusually severe circumstances. *See, e.g.*, *United States v. Rivas*, 833 F. App'x 556, 559 (5th Cir. 2020) (affirming denial of compassionate release because defendant had not shown that his medical conditions "substantially diminish[ed] his ability to provide for his own self-care" or that he was "not expected to recover from [them]" and because he "did not establish a serious deterioration in physical or mental health *because of* the aging process"); *United States v. Reynard*, No. CR 10-329, 2021 WL 2662139, at *5 (E.D. La. June 29, 2021) (finding that, without evidence of serious medical conditions, a defendant's health concerns did not constitute extraordinary and compelling reasons for compassionate release); *United States v. Wells*, No. CR 17-104, 2021 WL

199386, at *2 (E.D. La. Jan. 20, 2021) (denying compassionate release because the defendant's medical conditions were not so severe as to "impede [his] ability to provide self-care in prison").

### e. COVID-19 Concerns

Courts, including this Court, have found that a defendant's concerns about being susceptible to COVID-19 generally do not constitute extraordinary and compelling reasons for compassionate release. *See, e.g.*, *United States v. Moreno*, No. CR 15-76, 2021 WL 2647005, at *2 (E.D. La. June 28, 2021) (Fallon, J.) (finding that concerns about a risk of complications due to COVID-19 did not rise to the level of extraordinary and compelling reasons for compassionate release); *United States v. Curry*, No. CR 10-111, 2020 WL 4201646, at *2 (E.D. La. July 22, 2020) (Vance, J.) (holding that a "generalized fear of the virus, by itself, does not justify release") (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Moreover, the availability of vaccines against COVID-19 has further decreased the extent to which the risk of the virus may justify compassionate release. *See United States v. Jones*, 2021 WL 1172537, at *2 (E.D. La. Mar. 29, 2021) (Barbier, J.); *United States v. Reynard*, No. CR 10-329, 2021 WL 2662139, at *5 (E.D. La. June 29, 2021) (Africk, J.).

## IV.  DISCUSSION

### a. Administrative Exhaustion Requirement

The compassionate release statute requires that the defendant have "fully exhausted all administrative rights." 18 U.S.C. § 3582(c)(1)(A). The government concedes that Mr. Ciprano has satisfied this procedural requirement by presenting his claims to the Bureau of Prisons, noting that he included his claims based on his medical conditions and COVID-19 concerns in his application for a reduced sentence. The government waives the exhaustion requirement as to Mr. Ciprano's argument that his sentence is exceptionally harsh under today's sentencing laws.

7

*See United States v. Garrett*, 15 F.4th 335, 340 n.7 (5th Cir. 2021) (noting that the exhaustion requirement "is a non-jurisdictional claims-processing rule and, therefore, may be waived").

### b. *Sentencing Reforms of The First Step Act*

When Mr. Ciprano was sentenced in 1993, his prior drug convictions triggered a mandatory life sentence. However, the law has changed. The First Step Act now sets the minimum sentence for defendants with prior convictions for "serious drug felon[ies]" at twenty-five years. First Step Act of 2018, Pub. L. No. 115-391, §401, 132 Stat 5194 (2018). Thus, Congress has recognized that the crime of which Mr. Ciprano was convicted no longer warrants the extremely severe punishment of life in prison. Moreover, Mr. Ciprano has already served twenty-nine years in prison, which satisfies the minimum term a court might impose if sentencing Mr. Ciprano today (assuming that his prior convictions would qualify as "serious drug felonies" under the Act's definition). Given these facts, the disparity between the sentence Mr. Ciprano received twenty-nine years ago and the sentence he would receive today constitutes an extraordinary and compelling reason to reduce his sentence and grant compassionate release. *See United States v. Lee*, No. CR 04-11, 2021 WL 3129243, at *3 (E.D. La. July 23, 2021).

### c. *Medical Conditions and Age*

Mr. Ciprano argues that he is entitled to compassionate release because he is sixty-seven years old and suffers from prostate problems, high blood pressure, high cholesterol, and eye problems, among more vague conditions. However, Mr. Ciprano has not demonstrated that these conditions "substantially diminish his ability to provide for his own self-care" or that they reflect a "serious deterioration in physical or mental health because of the aging process." *United States v. Rivas*, 833 F. App'x 556, 559 (5th Cir. 2020); U.S.S.G. 1B1.13 comment. n.1(B). Rather, these conditions, while unfortunate, are relatively common and are not debilitating or terminal. Thus,

they do not, on their own, constitute extraordinary and compelling reasons for compassionate release. However, the Court notes that, in combination with the changes in sentencing laws and the sentencing factors that weigh in Mr. Ciprano's favor (discussed below), Mr. Ciprano's medical problems and age are additionally persuasive toward granting compassionate release.

### d. COVID-19 Concerns

Mr. Ciprano's concerns about COVID-19 are not sufficient grounds for compassionate release. General concerns about a risk of susceptibility to COVID-19 do not rise to the level of extraordinary and compelling reasons for compassionate release. *See United States v. Curry*, No. CR 10-111, 2020 WL 4201646, at *2 (E.D. La. July 22, 2020). Moreover, Mr. Ciprano is fully vaccinated against COVID-19, which further reduces the risk of the virus and thus the weight given to COVID-19 concerns in considering compassionate release. *See United States v. Jones*, 2021 WL 1172537, at *2 (E.D. La. Mar. 29, 2021).

### e. Sentencing Factors Under 18 U.S.C. § 3553(a)

Having found that Mr. Ciprano has shown extraordinary and compelling reasons for compassionate release—namely, the disparity between his original sentence and the sentence he would receive after the reforms of the First Step Act—the Court must also consider the sentencing factors in 18 U.S.C. § 3553(a). As the government concedes, none of these factors indicates that the Court should deny Mr. Ciprano a reduced sentence. Indeed, the sentencing factors further justify compassionate release.

Mr. Ciprano's offense was not violent and, as the government concedes, Mr. Ciprano does not have a significant history of violence either before or after he was incarcerated. Additionally, given the twenty-nine years Mr. Ciprano has already served in prison, his sentence has already reflected the seriousness of the offense and promoted respect for the law. Mr.

Ciprano poses little risk to the public in the United States because he will likely be deported to Colombia upon his release. Perhaps most importantly, considering "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," similar defendants who are sentenced today do not face the extremely harsh punishment of life imprisonment that Mr. Ciprano faced in 1993. 18 U.S.C. § 3553(a)(6). Thus, the sentencing factors further support granting Mr. Ciprano's motion for compassionate release.

### f. Appointment of Counsel

Mr. Ciprano also filed a motion for appointment of counsel. R. Doc. 135. However, appointment of counsel is not necessary. A defendant seeking relief under 18 U.S.C. § 3582(c) "does not have a statutory or constitutional right to appointment of counsel," though the court "may appoint counsel in the interest of justice." *United States v. Reynard*, No. CR 10-329, 2021 WL 2662139, at *2 (E.D. La. June 29, 2021). However, "the interest of justice d[oes] not require the appointment of counsel [when the defendant's] motion d[oes] not involve complicated or unresolved issues," such that the defendant is "capable of representing himself *pro se*." *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010); *United States v. Reynard*, No. CR 10-329, 2021 WL 2662139, at *2 (E.D. La. June 29, 2021). Here, Mr. Ciprano's *pro se* motion was sufficient to persuade the Court to grant him compassionate release, making appointment of counsel unnecessary.

### V.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Mr. Ciprano's Motion for Compassionate Release, R. Doc. 136, is **GRANTED**.

**IT IS FURTHER ORDERED** that Mr. Ciprano's Motion for Appointment of Counsel, R. Doc. 135, is **DENIED**.

New Orleans, Louisiana, this 18th day of February, 2022.

                                                UNITED STATES DISTRICT JUDGE

Cc:
Thomas Ciprano
#23148-034
Coleman Medium Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1032
Coleman, FL 33521